WAYNE COUNTY PROSECUTOR v CITY OF DETROIT

Docket No. 126980. Submitted June 20, 1990, at Detroit. Decided August 22, 1990. Leave to appeal denied, 436 Mich 869.

The Wayne County Prosecuting Attorney sought to obtain from the City of Detroit records of assets seized under the drug forfeiture laws by the Detroit Police Department and an accounting of how those funds were spent. The city refused to cooperate. The prosecutor then filed in Wayne Circuit Court an action under the Freedom of Information Act to obtain the records. The court, Richard C. Kaufman, J., following a show cause hearing, ordered defendant to produce the records by March 23, 1990. Defendant appealed by leave granted after the Court of Appeals stayed that portion of the court's order requiring production of the records by March 23, 1990.

The Court of Appeals *held:*

1. A county prosecutor, although a public official, is an individual, a public person distinct from the governmental agency as a whole. As such, he is a person entitled to request documents under the FOIA. The circuit court correctly ordered defendant to produce the requested documents.

2. The Uniform Budgeting and Accounting Act does not exempt the requested records from disclosure under the FOIA.

3. The circuit court's order is amended so that defendant must comply with the order within fourteen days from the date of issuance of the Court of Appeals opinion.

Affirmed as amended.

1. PROSECUTING ATTORNEYS — RECORDS — FREEDOM OF INFORMATION ACT.

A prosecuting attorney, although a public official, is an individual, a public person distinct from the governmental agency, and as such is a person entitled to request disclosure of records pursuant to the Freedom of Information Act (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

REFERENCES
Am Jur 2d, Records and Recordings Laws §§ 46.15, 46.19.
Who has standing to seek access to agency information under Freedom of Information Act. 82 ALR Fed 248.

2. Records — Freedom of Information Act — Uniform Budgeting
   and Accounting Act.
   The Uniform Budgeting and Accounting Act does not exempt
   from disclosure under the Freedom of Information Act any
   records or information (MCL 15.231 *et seq.*, 141.421 *et seq.*;
   MSA 4.1801[1] *et seq.*, 5.3228[21] *et seq.*).

*John D. O'Hair,* Prosecuting Attorney, and
*George E. Ward,* Chief Assistant Prosecutor, for
plaintiff.

*Donald Pailen,* Corporation Counsel, *Harnetha
Jarrett* and *William M. Wolfson,* Supervising As-
sistant Corporation Counsel, City of Detroit Law
Department, and *Pepper, Hamilton & Schultz* (by
*Richard A. Rossman, Abraham Singer* and *John
Mucha, III*), Special Assistant Corporation Counsel,
for defendant.

Before: McDonald, P.J., and MacKenzie and
Weaver, JJ.

Weaver, J. John D. O'Hair, the prosecuting
attorney for Wayne County, attempted to obtain
records of assets seized under the drug forfeiture
laws by the City of Detroit Police Department, as
well as an accounting of how those funds were
spent. Plaintiff filed an action under Michigan's
Freedom of Information Act to obtain these re-
cords. MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*
After a show cause hearing the circuit court
granted plaintiff his requested relief, ordering de-
fendant to produce the records at issue by March
23, 1990. That portion of the judgment was stayed
by this Court when we granted defendant leave to
appeal. We amend in part and affirm.

I

Defendant's first assignment of error is that the

court erred in ordering defendant to produce and deliver documents to the Wayne County Prosecutor's Office, a public agency.

Defendant's argument relies on its construction of the statute, MCL 15.233(1); MSA 4.1801(3)(1), which provides:

> (1) Upon an oral or written request which describes the public record sufficiently to enable the public body to find the public record, a *person* has a right to inspect, copy, or receive copies of a public record of a public body, except as otherwise expressly provided by section 13. A *person* has a right to subscribe to future issuances of public records which are created, issued, or disseminated on a regular basis. A subscription shall be valid for up to 6 months, at the request of the subscriber, and shall be renewable. [Emphasis added.]

MCL 15.232; MSA 4.1801(2) defines a person as "an individual, corporation, partnership, firm, organization, or association." Defendant contends that under this definition, plaintiff cannot request documents under the FOIA because plaintiff is a governmental agency.[1]

Defendant's argument rests on the assumption that John O'Hair, when acting as county prosecutor, is transformed into a governmental agency, and is no longer an individual, a person. We reject this premise.

The statute does not specify that the requester must be a private person as opposed to a public person. It simply states "a person." The county prosecutor is a public official, but remains an individual, a public person, distinct from the

---

[1] In forming its decision the trial court found plaintiff was proceeding in his capacity as a private citizen and noted that a governmental agency could not request records under the FOIA. We specifically do not reach the issue of whether one government agency can obtain records from another under Michigan's Freedom of Information Act, which would be a question of first impression in this Court.

agency as a whole. As such he is a person under the FOIA.

Once defendant's premise is rejected, its whole argument falls. Accordingly, we find that the circuit court correctly ordered defendant to produce the requested documents in the March 15, 1990, order.

## II

Defendant next contends that plaintiff did not have standing to bring the suit, because he did not first make a formal request for these documents. Only after a formal request for documents and a denial by a public body may a suit to compel disclosure be brought. MCL 15.235; MSA 4.1801(5) and MCL 15.240; MSA 4.1801(10).

Defendant's position is that John O'Hair, as a private citizen, could not bring suit to compel disclosure of documents under the FOIA because the only letter requesting the documents was written on the county prosecutor's stationery and signed by John O'Hair in his capacity as prosecuting attorney.[2] Defendant contends that this has the effect of one person making the request and another attempting to enforce it.

Our disposition of the first assignment of error renders this complaint irrelevant, since we have held that John O'Hair, when acting in his capacity as prosecutor, is still an individual, a person under the FOIA.

## III

Defendant's final argument on appeal is that

---

[2] When filing suit plaintiff styled himself as county prosecutor and as a private citizen. As we have seen, defendant's thesis was that only as a private citizen could plaintiff receive relief.

ordering defendant to produce the requested documents was contrary to the Uniform Budgeting and Accounting Act (UBAA), MCL 141.421 *et seq.*; MSA 5.3228(21) *et seq.*

A public body may exempt from disclosure under the FOIA any records or information specifically described and exempted from disclosure by statute. MCL 15.243; MSA 4.1801(13). Defendant claims such an exemption is set forth by the UBAA. After review of the statute,[3] we are unable to find any tenable support for defendant's argument. Further, the FOIA itself lists only twenty exemptions. MCL 15.243; MSA 4.1801(13). The UBAA does not appear in any of them.

Accordingly, we affirm the judgment of the circuit court. We amend that portion of the order previously stayed so that defendant must comply with the order within fourteen days from the date this opinion is issued.

We do not retain jurisdiction.

---

[3] MCL 141.433, MSA 5.3228(33) reads:

(1) Notwithstanding the confidentiality provisions of any tax laws, any authorized employee of the state treasurer, certified public accountant or firm of certified public accountants conducting an audit under this act shall have access to and authority to examine all books, accounts, reports, vouchers, correspondence files and other records, bank accounts and moneys or other property of any local unit excepting any records which were obtained from the United States internal revenue service under the federal state cooperative exchange agreement.

(2) An officer of a local unit upon demand of persons authorized under this act, shall produce all books, accounts, reports, vouchers, correspondence files and other records, bank accounts and moneys or other property of the local unit under audit or investigation and shall truthfully answer all questions related thereto.

(3) The liabilities and penalties provided by all specific confidentiality statutes for divulging confidential information shall be applicable to all persons authorized to make an audit under this act.